UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>AZIZUR REHMAN[1]; OMAR GHAITH,<br><br>            Defendants. | No.  2:14-cv-01454-GEB-AC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Defendants Rehman and Ghaith (collectively the "Defendants") move for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). The Complaint is comprised of claims under the following laws: (1) the Americans with Disabilities Act of 1990 ("ADA"), (2) the Unruh Civil Rights Act ("Unruh"), (3) the California Disabled Persons Act ("DPA"), and (4) the California tort of negligence.

## I. FACTUAL BACKGROUND

The motion concerns the following allegations in the Complaint. "Plaintiff is a California resident" and a "level C-5 quadriplegic." (Compl. ¶ 1, ECF No. 1.) "[O]n several occasions including January, February and March of 2014," Plaintiff "either checked on inventory or made purchases" from SmarTEK, "a business

---

[1] The Complaint names Azizur Rehman as a defendant. In his motion to dismiss, Defendant Rehman states he was "erroneously sued as 'Azizur Rehman'" and that his correct name is "Aziz Ur Rehman." (Mot. to Dismiss 1:22-23, ECF No. 8.)

1

1  establishment and place of public accommodation." (Id. ¶¶ 12, 7.)
2  "Defendants are, or were at the time of the incidents, the real
3  property owners, business operators, lessors and/or lessees for
4  SmarTEK." (Id. ¶ 2.)

5  "SmarTEK's facilities are not accessible to wheelchair
6  users." (Id. ¶ 8.) Specifically, "[a]lthough parking [is] one of
7  the facilities available to patrons of the business, there is not
8  a single handicap parking space;" "[t]he door . . . at the
9  entrance [to the SmarTEK retail business] . . . requires tight
10 grasping and twisting of the wrist to operate;" and "[t]he curb
11 ramp [on the premises] is not accessible." (Id. ¶¶ 9-11.) "In
12 encountering and dealing with the lack of . . . accessible
13 facilities, the plaintiff experienced" "difficulty, discomfort or
14 embarrassment," and was denied "full and equal access to
15 facilities, privileges and accommodations offered by the
16 defendants." (Id. ¶¶ 13, 23.)

## II. LEGAL STANDARD

18 "In reviewing [a motion to] dismiss[] a complaint, [a
19 court] inquire[s] whether the complaint's factual allegations
20 together with all reasonable inferences, state a plausible claim
21 for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637
22 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556
23 U.S. 662, 678 (2009)). A court:

> accept[s] factual allegations in the
> complaint as true and construe[s] the
> pleadings in the light most favorable to the
> non-moving party. Although factual
> allegations are taken as true, [a court]
> do[es] not assume the truth of legal
> conclusions merely because they are cast in
> the form of factual allegations. Therefore,
> conclusory allegations of law and unwarranted

2

> inferences are insufficient to defeat a motion to dismiss.

Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quotations and citations omitted).

### III. DISCUSSION

**A.   Timeframe Allegations**

Defendants argue all claims should be dismissed since Plaintiff "cites no specific date or dates to apprise defendant of the time when plaintiff allegedly visited the subject premises" and as a result "Defendants are unable to investigate and to prepare an answer." (Mot. 1:26-28; see also id. at 2:17-18, 3:11-12, 5:17-18; ECF No. 8.) Defendant Ghaith argues that he "in particular requires this information as he was not the operator of any business on the multiple vague dates plaintiff has included in his complaint. . . ." (Id. at 2:11-12, 2:23-24, 3:17-18, 6:1-2.) Plaintiff alleges in his Complaint that he went to the business premises "on several occasions including January, February, and March of 2014." (Compl. ¶ 12)

"[A] complaint must provide some notice as to when the challenged conduct allegedly occurred . . . . " Baldain v. Am. Home Mortg. Serv. Inc., No. CIV.S-09-0931 LKK/GGH, 2010 WL 56143 at *5 (E.D. Cal. Jan. 5, 2010). Plaintiff's allegations are sufficient to provide the referenced notice.

Therefore this portion of the motion is denied.

**B.   UNRUH**

Defendants argue Plaintiff's Unruh claim is insufficient since it "does not allege the requisite intent . . . ." (Mot. 2:27-28.) Plaintiff's Unruh claim is

3

1  predicated on an ADA violation. (Compl. ¶ 22.)
2           Unruh prescribes, "[a] violation of the right of any
3  individual under the federal [ADA] shall also constitute a
4  violation of [Unruh]." Cal. Civ. Code § 51(f).  This portion of
5  the motion presents a statutory interpretation issue concerning
6  whether "intent" is an element of an Unruh claim. "When
7  interpreting state law, federal courts are bound by decisions of
8  the state's highest court." Vestar Dev. II, LLC v. Gen. Dynamics
9  Corp., 249 F.3d 958, 960 (9th Cir. 2001) (quoting Lewis v. Tel.
10 Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996)). The
11 California Supreme Court has stated a plaintiff may recover for
12 an Unruh claim premised on an ADA violation "without the need to
13 demonstrate additionally that the discrimination was
14 intentional." Munson v. Del Taco, Inc., 46 Cal. 4th 661, 671
15 (2009).
16          Since Defendants have not shown that Plaintiff was
17 required to separately plead that the alleged discrimination was
18 intentional, this portion of the motion is denied.
19      **C.   CALIFORNIA DISABLED PERSONS ACT ("DPA")**
20          Defendants argue Plaintiff's DPA claim should be
21 dismissed since it "does not properly allege the requisite
22 intent" and "Plaintiff has no standing to sue" since "[h]e has
23 not sufficiently alleged he was a patron of [SmarTEK] at any
24 time . . . ." (Mot. 3:19-24.)
25          **1.   Intent**
26          Plaintiffs' DPA claim is predicated on an ADA
27 violation. (Compl. ¶ 25.) The DPA prescribes "a violation of the
28 right of an individual under the [ADA] also constitutes a

4

violation of this section." Cal. Civ. Code § 54(c).

The California Supreme Court has not addressed the question of whether the DPA requires a showing of intent. However, when interpreting state law in the absence of guidance from the state's highest court, "a federal court is obligated to follow the decisions of the state's intermediate appellate courts," unless "there is . . . convincing evidence that the state supreme court would decide differently." Vestar, 249 F.3d at 960.

California intermediate appellate courts hold intent is not a necessary element of a DPA claim, and these decisions are persuasive. Coronado v. Cobblestone Vill. Cmty. Rentals, 163 Cal. App. 4th 831, 840 n.7 (2008), overruled on other grounds by Munson, 46 Cal. 4th at 678.

> It is plain to see the Legislature's purpose in [enacting the DPA and its enforcement provisions was] to guarantee compliance with equal access requirements. The impediments to the physically handicapped's interaction in community life is the inequity which section 54 et seq. . . . seek[s] to prevent. This goal is not met by adopting an interpretation of section 54.3 which would include an element of intentional violation. Such a construction ignores the express language of the statute, its apparent purpose, and the public policy goal of the legislation.

Donald v. Café Royale, Inc., 218 Cal. App. 3d 168, 180 (1990). Therefore, this portion of Defendants' motion is denied.

**2.  Standing**

Defendants argue "Plaintiff has no standing to sue under the circumstances alleged in his Complaint" since he "has not sufficiently alleged he was a patron of [SmarTEK] at any time

5

and thus is not a person entitled to protection." (Compl. 3:21-25.)

As prescribed in the DPA, a plaintiff can establish injury if he "personally encountered the violation on a particular occasion, or . . . was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56.

Here, Plaintiff alleges he "either checked in on inventory or made purchases [at SmarTEK] on several occasions," "encounter[ed] . . . the lack of accessible facilities," and "would have patronized the business on other occasions during the statutory period but was deterred because of the barriers."(Compl. ¶¶ 15, 13.) These allegations sufficiently plead a cognizable injury under the DPA.

For the stated reasons, the portion of Defendants' motion seeking dismissal of Plaintiff's DPA claim is denied.

**D.   NEGLIGENCE**

Defendants argue Plaintiff's negligence claim should be dismissed since "[a] successful [negligence] action requires a showing of actual damages" and "Plaintiff does not describe any interactions with staff or other customers that would support the humiliation he alleges." (Mot. 5:21-28.) Defendants also argue "there is no allegation [in the Complaint that] Defendants breached any specific or even general duty. . . ." (Id. at 6:11-14.)

**1.   Damages**

Here, Plaintiff alleges he suffered "difficulty, discomfort, or embarrassment" "[b]ecause of the violation of the

Unruh Civil Rights Act." (Compl. ¶ 23.) Embarrassment is a form of emotional distress sufficient to support the damages element of a tort claim. Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970); see also Plotnik v. Meihaus, 208 Cal. App. 4th 1590, 1614 (2012) (citing Fletcher, 10 Cal. App. 3d at 397); Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1376 (2010) (same).

Therefore, this portion of the motion is denied. Plaintiff's alleged "embarrassment" "[b]ecause of the violation of the Unruh Civil Rights Act," is sufficient to allege emotional distress proximately caused by Defendants breach of their statutory duty.

### 2. Duty

Defendants' argument that the Complaint does not contain an allegation regarding duty likewise fails since Plaintiff alleges "Defendants had a general duty arising under the [ADA] and [Unruh] and [DPA] to provide safe, convenient, and accessible facilities to the plaintiff." (Comp. ¶ 28.)

Therefore, this portion of the Defendants' motion is also denied.

### IV. CONCLUSION

For the stated reasons, Defendants' dismissal motion is DENIED.

Dated: October 3, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge

7