UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Azizur Rehman; Omar Ghaith; and Does 1-10,<br><br>　　　　Defendants. | No.  2:14-cv-01454-GEB-AC<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

The status (pretrial scheduling) conference scheduled for hearing on December 15, 2014, is vacated since the parties' Joint Status Report filed on December 1, 2014 ("JSR") indicates the following Order should issue.

<u>DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

The parties state in the JSR concerning the possible joinder of additional parties and amendment of pleadings as follows:

　　**(b)　Possible Joinder of Additional Parties**

　　<u>Plaintiff</u>: anticipates joining additional parties.

　　<u>Defendants</u>: anticipate[] joining such parties who are discovered to be participating in a conspiracy to commit fraud.

　　**(c)　Anticipated Amendments to the Pleadings**

　　<u>Plaintiff</u>: does not anticipate amendment to the pleadings.

1

>Defendants: do[] not anticipate amendment unless cross-defendants are discovered.

(JSR 2:4-13, ECF No. 21.)

These statements fail to comply with the parties' obligation under Rule 16 to provide meaningful information on when the referenced joinders and/or amendment will be sought.[1] Therefore, the parties shall conduct discovery pertinent to identifying any additional parties forthwith, and are authorized to file a motion(s) in which they seek leave authorizing them to file the referenced pleadings provided that the motion(s) in which leave is sought are filed no later than ninety from the date on which this order is filed; the motion(s) shall be noticed for hearing on the earliest available regularly scheduled law and motion hearing date. If leave is not sought as stated, Does 1-10 will be automatically dismissed from this action.

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown.

ADDED PARTIES' OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If a party is joined pursuant to the leave given above, a copy of this Order shall be served on that party concurrently with service of process.

That party has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed

---

[1] The November 6, 2014 Order Continuing Status Conference, (ECF No. 20), continued the status conference so additional information concerning the timing of the anticipated joinder of parties could be addressed in a further joint status report. Notwithstanding that order, the parties provided no further information concerning this timing in the December 1, 2014 JSR.

2

within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

## DISCOVERY

All discovery shall be completed by September 14, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before April 14, 2015, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before May 14, 2015.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is November 16, 2015, commencing at 9:00 a.m. Any motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 25, 2016, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the

pretrial conference.

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. **The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based.** Furthermore, each party shall estimate the length of trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

Final pretrial procedures are "critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "Toward that end, Rule 16 directs courts to use pretrial conferences to weed out unmeritorious claims and defenses before trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed *sua sponte* if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be

4

provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); <u>Portsmouth Square, Inc. v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on April 19, 2016.

IT IS SO ORDERED.

Dated: December 5, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge