1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                   EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT JOHNSON,                                     No. 2:14-cv-01454-MCE-AC

12                         Plaintiff,

13           v.                                          **MEMORANDUM AND ORDER**

14    AZIZUR REHMAN; and OMAR
      GHAITH,
15
                             Defendants.
16

17           This case arises out of claims that Plaintiff Scott Johnson ("Plaintiff"), who is

18    confined to a wheelchair, visited SmarTek, a store located in Sacramento, CA, on

19    several occasions in early 2014 and encountered discriminatory barriers to access.  As a

20    result, he filed the operative Complaint in this action against Defendants Omar Ghaith

21    and Azizur Rehman (collectively, "Defendants"), who are the real property owners,

22    business operators, lessors, and/or lessees of SmarTek.  Specifically, Plaintiff alleges

23    that Defendants are in violation of the American with Disabilities Act (ADA), 42 U.S.C.

24    § 12101, and related California laws.

25    ///

26    ///

27    ///

28    ///

1

1    Presently before the Court is Defendants' Motion for Summary Judgment

2 ("Motion").[1]  ECF No. 26.  For the reasons that follow, Defendants' Motion is GRANTED

3 in part and DENIED in part.[2]

4

5                                    **BACKGROUND**

6

7    Plaintiff is a quadriplegic with significant dexterity impairments. He uses a

8 wheelchair for mobility and has a specially equipped van. It is uncontroverted that

9 Defendant Ghaith owns/operates the SmarTek retail business, and Defendant Rehman

10 has owned the building that houses SmarTek since 2012.

11    Plaintiff visited SmarTek on several occasions, including on dates in January and

12 March 2014.  On those visits, he encountered barriers that made SmarTek inaccessible

13 to wheelchair users.  Such barriers include: a lack of accessible travel paths in and

14 throughout the merchandise aisles; a lack of any van parking space; door hardware at

15 SmarTek's entrance that requires a person to grasp and twist with the wrist to open; and

16 a lack of edge protection for the curb ramp. Despite these barriers, Plaintiff was

17 ultimately able to enter SmarTek and conduct business therein, but he claims that the

18 barriers agitated him.  Plaintiff filed this Complaint on June 18, 2014, asserting four

19 causes of action: (1) violations of the ADA, (2) violations of the Unruh Civil Rights Act

20 ("Unruh"), (3) violations of the California Disabled Persons Act (DPA), and (4) the

21 California tort of negligence.

22 ///

23 ///

24
    [1] Because oral argument would not have been of material assistance, this matter has been
25 submitted on the briefs. E.D. Cal. L.R. 230(g).

26    [2] Plaintiff failed to respond to the Motion with an opposition or statement of non-opposition as
    required by Local Rule 230(c).  In a separate filing, Defendants request that the Court grant the instant
    Motion based on this failure.  ECF No. 29.  The Court may not accede to this request.  Anderson v. MCM
27 Constr., Inc., No. 2:10-CV-2833-LKK-GGH, 2013 WL 6243279, at *3 (E.D. Cal. Dec. 3, 2013) (citing
    Heinemann v. Satterberg, 731 F.3d 914, 916–17 (9th Cir. 2013)).  Plaintiff, however, is hereby ordered to
28 show cause why he should not be sanctioned for his failure to comply with Local Rule 230(c).

1

**STANDARD**

2

3        The Federal Rules of Civil Procedure provide for summary judgment when "the

4    movant shows that there is no genuine dispute as to any material fact and the movant is

5    entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v.

6    Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to

7    dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

8        Rule 56 also allows a court to grant summary judgment on part of a claim or

9    defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may

10   move for summary judgment, identifying each claim or defense—or the part of each

11   claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v.

12   Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a

13   motion for partial summary judgment is the same as that which applies to a motion for

14   summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic

15   Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary

16   judgment standard to motion for summary adjudication).

17       In a summary judgment motion, the moving party always bears the initial

18   responsibility of informing the court of the basis for the motion and identifying the

19   portions in the record "which it believes demonstrate the absence of a genuine issue of

20   material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial

21   responsibility, the burden then shifts to the opposing party to establish that a genuine

22   issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith

23   Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

24   253, 288-89 (1968).

25       In attempting to establish the existence or non-existence of a genuine factual

26   dispute, the party must support its assertion by "citing to particular parts of materials in

27   the record, including depositions, documents, electronically stored information,

28   affidavits[,] or declarations . . . or other materials; or showing that the materials cited do

1    not establish the absence or presence of a genuine dispute, or that an adverse party

2    cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The

3    opposing party must demonstrate that the fact in contention is material, i.e., a fact that

4    might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby,

5    Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and

6    Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also

7    demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is

8    such that a reasonable jury could return a verdict for the nonmoving party."  Anderson,

9    477 U.S. at 248.  In other words, the judge needs to answer the preliminary question

10   before the evidence is left to the jury of "not whether there is literally no evidence, but

11   whether there is any upon which a jury could properly proceed to find a verdict for the

12   party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251

13   (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).

14   As the Supreme Court explained, "[w]hen the moving party has carried its burden under

15   Rule [56(a)], its opponent must do more than simply show that there is some

16   metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  Therefore,

17   "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

18   nonmoving party, there is no 'genuine issue for trial.'"  Id. at 587.

19        In resolving a summary judgment motion, the evidence of the opposing party is to

20   be believed, and all reasonable inferences that may be drawn from the facts placed

21   before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at

22   255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

23   obligation to produce a factual predicate from which the inference may be drawn.

24   Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,

25   810 F.2d 898 (9th Cir. 1987).

26   ///

27   ///

28   ///

**ANALYSIS**

### A.   Timeframe Challenge

Defendants seek summary judgment as to Plaintiff's action in its entirety on the ground that Plaintiff failed to cite specific dates apprising them of when he visited the SmarTek facility.  According to Plaintiff's testimony, however, he visited the store on several occasions, including on dates in January and March 2014.  Ex. A-1 Johnson Dep. 27:24, ECF No. 23-2; Ex. A-2 Johnson Dep. 49:23, ECF No. 23-3.  Therefore, Defendants' motion is DENIED on this point.

### B.   Plaintiff's First Cause of Action for Violations of the ADA

Plaintiff's First Cause of Action identifies four ADA violations that Plaintiff allegedly encountered at SmarTek: a lack of accessible travel paths in and throughout the merchandise aisles; a lack of any van parking space; door hardware at SmarTek's entrance that requires a person to grasp and twist with the wrist to open; and a lack of edge protection for the curb ramp. Defendants move for summary judgment on grounds that Plaintiff was nonetheless "fairly and fully accommodated" since Plaintiff was able to arrive at the SmarTek facility, park and exit his van, enter the SmarTek store, and conduct business therein.  This argument is not persuasive.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

///

1     To survive summary judgment on his ADA claim, Plaintiff must show that: "(1) he

2  is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns,

3  leases, or operates a place of public accommodation; and (3) the plaintiff was denied

4  public accommodations by the defendant because of his disability." Ariz. ex rel.

5  Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010) (citing

6  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)). Plaintiff can avoid

7  summary judgment on the third element of this test if there is a genuine dispute of

8  material fact that the SmarTek facility violated applicable accessibility standards. Moeller

9  v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011).

10     It follows that the fact that Plaintiff ultimately accessed SmarTek despite the

11  architectural barriers he encountered is not dispositive. See Torres v. Rite Aid Corp.,

12  412 F. Supp. 2d 1025, 1034–35 (N.D. Cal. 2006) (explaining that the dispositive issue is

13  discrimination by defendant and not physical access to defendant's store). Moreover,

14  Defendants have not demonstrated that the SmarTek facility complies with applicable

15  accessibility standards.  For example, it is undisputed that the parking lot lacked

16  "handicap striping." ECF No. 25.  Defendants thus concede that accessible parking

17  spaces were not available and/or were not properly identified.  See, e.g., 28 C.F.R.

18  § 36.304(b)(18) (identifying "[c]reating designated accessible parking spaces" as one of

19  several "[e]xamples of steps to remove barriers").  More glaringly, Defendants' only

20  argument as to the curb ramp is that there is "nothing wrong" with it. (SUF No. 12.)

21  However, the evidence cited demonstrates only that Plaintiff exercised caution when

22  using the curb ramp and was not distressed by the experience; the evidence does not

23  demonstrate the absence of a genuine issue of material fact concerning the curb ramp's

24  alleged non-compliance with applicable accessibility standards. Therefore, Defendants'

25  motion for summary judgment on grounds that Plaintiff was "fairly and fully

26  ///

27  ///

28  ///

1   accommodated" is rejected, and Defendants' motion for summary judgment on Plaintiff's

2   First Cause of Action is DENIED.[3]

3

4   **C.     Plaintiff's Second Cause of Action for Violation of the Unruh Civil Rights Act**

5   Plaintiff's Second Cause of Action asserts a violation of the Unruh Civil Rights Act

6   ("Unruh Act").  ECF No. 1 at ¶ 22.  According to Defendants, they are entitled to

7   summary judgment because Plaintiff has no evidence to show Defendants intended to

8   discriminate against Plaintiff.  See ECF No. 7 at 2:27–3:8.  Defendants are incorrect.

9   The Unruh Act does not contain an intent requirement, and Defendants' Motion is

10  DENIED with respect to Plaintiff's Second Cause of Action.  Munson v. Del Taco, Inc.,

11  46 Cal. 4th 661, 670 (2009)).

12  **D.     Plaintiff's Third Cause of Action for Violation of the California Disabled Persons Act**

13

14  Defendants argue next that they are entitled to summary judgment on Plaintiff's

15  Third Cause of Action because Plaintiff cannot demonstrate he is entitled actual or

16  statutory damages under California law.  California Civil Code section 54.3 provides that

17  a person who interferes with the rights of disabled persons under sections 54, 54.1, and

18  54.2, "is liable for each offense for the actual damages and any amount as may be

19  determined by a jury, or the court sitting without a jury, up to a maximum of three times

20  the amount of actual damages but in no case less than one thousand dollars ($1,000)."

21  Cal. Civ. Code § 54.3(a). Moreover, "a plaintiff need not prove actual damages in order

22  to recover the minimum statutory amount; he only must establish that he was denied

23  equal access on a particular occasion."  Org. for Advancement of Minorities with

24  Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120, 1130 (S.D. Cal. 2005) (citing

25  Donald v. Cafe Royale, Inc., 218 Cal. App. 3d 168, 180–81 (1990)), disapproved of by

26

27     [3] The Court has considered Defendant Ghaith's additional argument that he was not the real
    property owner, business operator, lessor, and/or lessee for SmarTek during the relevant time period. No
28  evidence supporting this challenge has been cited and that argument is thus without merit.

1    Dowlin v. Cmty. All. of Human Servs., No. CIV. 09-CV-043-L, 2009 WL 2602211 (D.N.H.

2    Aug. 21, 2009). Whether Plaintiff can prove actual damages is thus irrelevant.

3         For their part, statutory damages are available "only if a violation or violations of

4    one or more construction-related accessibility standards denied the plaintiff full and

5    equal access to the place of public accommodation on a particular occasion." Cal. Civ.

6    Code § 55.56(a).  "A violation personally encountered by a plaintiff may be sufficient to

7    cause a denial of full and equal access if the plaintiff experienced difficulty, discomfort,

8    or embarrassment because of the violation." Id. § 55.56(c).  Assuming Plaintiff

9    encountered architectural barriers—an allegation uncontroverted by the record—the

10   evidence shows Plaintiff experienced at least difficulty when he encountered those

11   barriers. For example, Plaintiff "took extra caution" when using the curb ramp, (Ex. A-1

12   Johnson Dep 37:23), and he could not open the SmarTek store's door because of the

13   non-compliant, round-style door hardware, (id. at 18:21–23; Compl. ¶ 10). This difficulty

14   creates a genuine dispute of material fact as to whether Plaintiff's full and equal access

15   to the SmarTek facility was impaired and thus whether he may be entitled to statutory

16   damages.  Defendants' Motion as to this Third Cause of Action is DENIED as well.

17        **E.      Plaintiff's Fourth Cause of Action for Negligence**

18        Finally, Defendants seek summary judgment on Plaintiff's negligence cause of

19   action on the basis that he cannot show sufficiently serious emotional distress to support

20   recovery.[4]  The elements of a cause of action for negligence are: (1) a duty to use

21   ordinary care; (2) breach of that duty; (3) a proximate causal connection between the

22   negligent conduct and the resulting injury and (4) resulting damage. Budd v. Nixen, 6

23   Cal.3d 195, 200 (Cal. 1971).  A plaintiff can establish the fourth element by showing that

24   he suffered from "serious emotional distress." Johnson v. Mutual Bens. Life Ins. Co.,

25   837 F.2d 600, 603 (9th Cir. 1988).  While the question of whether a plaintiff suffered

26   serious emotional distress is ordinarily one for the trier of fact, summary judgment is

27

28        [4] It is clear from the record that Plaintiff did not suffer any physical injury because of his visits to
     SmarTek.

1    appropriate where the plaintiff does not provide sufficient indicia of the genuine

2    seriousness of his emotional injury.  See id. at 604.

3         Here, nothing in the record supports the theory that Plaintiff suffered serious

4    emotional distress.  To the contrary, Plaintiff testified that he experienced no notable

5    distress as a result of the architectural barriers he encountered at SmarTek.  See ECF

6    No. 23-2 at 38:3-25; ECF No. 23-4 at 84:18-85:11.  In light of Plaintiff's own testimony

7    that he experienced "agitation" at most, and the fact that there is no conflicting evidence,

8    no reasonable jury could find that Plaintiff experienced serious emotional distress as a

9    result of SmarTek's architectural barriers.  Matsushita, 475 U.S. at 587.  Defendants'

10   Motion is therefore GRANTED as to Plaintiff's Fourth Cause of Action.

11

12                                    **CONCLUSION**

13

14        For the reasons stated above, it IS HEREBY ORDERED that Defendants' Motion

15   for Summary Judgment (ECF No. 23) is DENIED as to Plaintiff's First, Second, and Third

16   Causes of Action, and GRANTED as to Plaintiff's Fourth Cause of Action.

17        IT IS SO ORDERED.

18   Dated:  July 29, 2016

19

20   MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28