UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

    v.

AZIZUR REHMAN; and OMAR GHAITH,

    Defendants.

No. 2:14-cv-01454-MCE-AC

**MEMORANDUM AND ORDER**

This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts, Cal. Civ. Code §§ 51-53, 54-54.8, ("Unruh Act") on grounds that SmarTek, a now-closed store previously located at 5050 Fruitridge Road, Sacramento, CA (the "Property"), contained impermissible barriers to access. Defendant Omar Ghaith ("Ghaith") was the owner of SmarTek at the time this action was filed, and SmarTek operated on real property owned by Defendant Azizur Rehman ("Rehman").

Presently before the Court is Plaintiff's Motion for Summary Judgment, which contends that Plaintiff is entitled as a matter of law to statutory penalties against Defendants under the Unruh Act in the amount of $8,000.00, as well as injunctive relief

requiring that Rehman provide accessible parking at the Property. As set forth below, Plaintiff's Motion (ECF No. 43) is GRANTED.[1]

**BACKGROUND**

Plaintiff cannot walk, uses a wheelchair for mobility, and has significant manual dexterity impairments. Defs.' Sep. Stmt. of Undisputed Facts ("SUF"), ECF No. 45-1, ¶ 1.[2] He also uses a specially equipped van with a lift. Id. at ¶ 2. Ghaith owned/operated the SmarTek retail business, and Rehman has owned the building that housed SmarTek since 2012. Id. at ¶¶ 5, 6. Plaintiff visited SmarTek on several occasions, including on dates in January, February, and March 2014. Id. at ¶¶ 7, 21. On those visits, he encountered barriers that made SmarTek inaccessible to wheelchair users. Such barriers included lack of ADA compliant parking (to include van parking), inaccessible door hardware at SmarTek's entrance, and a lack of edge protection for the curb ramp. Id. at ¶ 8, 14, 17.

Specifically, Plaintiff alleges that the Property did not supply a single handicapped accessible parking spot for its patrons. Id. at ¶ 8. Although one space appeared to have faintly visible hatch marked striping, that space lacked a marked access aisle. Id. at ¶¶ 9, 10. Given his impairments, Plaintiff needs accessible parking with an eight-foot access aisle and accompanying safety lettering to safely deploy his lift and exit the van.

---

[1] Because oral argument would not have been of material assistance, this matter was submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] The Court cites to Defendants' SUF (ECF No. 45-1) and notes that nearly all of the "undisputed" facts presented within Plaintiff's Statement of Facts (ECF No. 43-2) are ostensibly disputed by Defendants. As discussed supra, most of Defendants factual disagreements lack a sufficient evidentiary basis. For example, Defendants dispute that Plaintiff is in fact a quadriplegic. See SUF ¶ 1. As contrary evidence concerning Plaintiff's claimed disability, however, Defendants rely solely on Rehman's declaration, which opines that "to my understanding, [Plaintiff] is not a quadriplegic . . . because he has hand and arm control of a sufficient amount to drive his specially equipped van . . . ." Rehman Decl., ECF No. 46, ¶ 3. Such anemic arguments against material facts are insufficient for establishing a genuine dispute—especially when a simple Google search of "can quadriplegics drive" would educate Defendants on their unadorned confusion concerning quadriplegia. The Court is appalled that it even has to address such an ignorant legal argument.

SUF ¶ 11.  In the absence of a space meeting these requirements, Plaintiff claimed he had to park in a non-accessible spot and leave the ramp to his vehicle deployed so that he would be able to get back into the vehicle upon his return.  Id. at ¶¶ 12, 13.  In addition to the lack of an accessible parking, Plaintiff claims he also had trouble navigating his wheelchair into SmarTek because of the presence of a ramp without flared sides along the path of travel, which proved difficult to traverse in a wheelchair.  Id. at ¶ 17.  Finally, Plaintiff alleges that SmarTek's door hardware had a round knob which required tight grasping and twisting of the wrist to operate, something that Plaintiff's manual dexterity impairments make problematic.  Id. at ¶¶ 14, 15, 16.

Despite these barriers, Plaintiff was able to enter SmarTek and conduct business therein, but he claims that the barriers agitated him.  Id. at ¶ 20.  In later visits, Plaintiff discovered that Defendants altered the parking lot and door hardware to improve accessibility.  Id. at ¶ 22.  However, barriers remained, as a curb ramp extended into the newly created access aisle of the van accessible parking space, the access aisle lacked "NO PARKING" lettering, signs reading "Minimum $250 Fine" or "Van Accessible" were not present, and there was no sign with tow-away information within the parking lot.  Id. at ¶¶ 25, 26, 30, 32, 33.

Plaintiff filed this Complaint on June 18, 2014, asserting four causes of action: (1) violations of the ADA, (2) violations of the Unruh Act, (3) violations of the California Disabled Persons Act ("DPA"), and (4) the California tort of negligence.  ECF No. 1.  Defendants previously moved for Summary Judgment on each of Plaintiff's claims.  ECF Nos. 23, 26.  In an August 2016 Order, the Court granted Defendants' summary judgment on Plaintiff's Fourth Cause of Action, but otherwise denied the motion.  ECF No. 40.  Plaintiff now moves for summary judgment on his remaining claims.  ECF No. 43.

///

///

///

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///

///

///

**ANALYSIS**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)).

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff is a quadriplegic, he is considered disabled within the meaning of the ADA. SmarTek was a sales establishment, and as such, is expressly identified under the ADA as a place of public accommodation. See id. § 12181(7)(E). To the extent the physical elements of a place of public accommodation impede access to people with disabilities, and if the removal of such barriers to access are readily

achievable, discrimination under the ADA is present.  See 42 U.S.C. § 12182(b)(2)(A)(iv); Department of Justice, Technical Assistance Manual on the Americans with Disabilities Act (BNA) §§ III-4.4100 (1991).  Furthermore, a plaintiff who establishes ADA violations need not prove intentional discrimination to recover damages under the ADA or the Unruh Act.  Munson v. Del Taco, 46 Cal. 4th 661, 678 (2009).  Once a plaintiff encounters a barrier to access, discrimination has occurred, and a plaintiff is deemed to have actual notice that a defendant does not intend to comply with the ADA.  Parr v. L&L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1081 (D. Haw. 2000).

Here, Plaintiff moves for summary judgment on grounds that the Property contains access barriers, to include: (1) lack of accessible parking (Pl.'s MSJ P&A, ECF No. 43-1, at 8-10); (2) lack of an accessible curb ramp (id. at 10-11); and lack of accessible door hardware.  Id. at 11.  Each of these barriers, Plaintiff contends, impeded his ability to fully patronize the Property in contravention of the ADA.  Plaintiff also moves for summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal [ADA] shall also constitute a violation of [the Unruh Civil Rights Act]."  Cal. Civ. Code § 51(f).  California Civil Code § 52(a) sets a minimum of $4,000 in damages for each violation of the Unruh Civil Rights Act.

As it is undisputed that Plaintiff is disabled within the meaning of the ADA and that the Property operated as a place of public accommodation—the salient issue here is whether the Property contained barriers to access that denied Plaintiff his right to patronize SmarTek.  Plaintiff presents evidence that during his first visits to the Property, he did not find any parking space designated for use by persons with disabilities, encountered difficulty traversing an access ramp, and could not open the building's front door.  SUF ¶¶ 8, 14, 16, 17, 18.  Defendants dispute these claims, in part, by simply asserting that "there was always a place where a person with disabilities could park."  Id.  Defendants' arguments are unavailing, as they appear to rest on the fact that the parking

///

lot was large and infrequently used by customers, not on showing that ADA compliant parking was in fact available.

Indeed, Defendants conflate disputes of fact with disputes of opinion. For example, Plaintiff provides evidence showing that the Property lacked a posted sign with tow away information within the parking lot. SUF ¶ 33. Defendants "dispute" this by asserting, "DISPUTED the lack of a sign is a barrier to enter the business. Plaintiff admits he entered without a problem. Neither the tenant nor the owner had any intention of towing customer's vehicles, and did not elect to post a lie." SUF ¶ 33. Similarly, Plaintiff contends that the newly created van accessible parking space's access aisle lacked the required "NO PARKING" lettering to deter non-disabled customers from parking in the space, to which Defendants quip that "[c]ommon sense was also a deterrent." SUF ¶ 26. These immature responses miss the point. Defendants do not genuinely dispute that the Property lacked signage, lettering, and other access features required by the ADA, but instead divulge their opinion that such requirements are unnecessary. Indeed, these arguments operate only to confirm that Plaintiff faced discrimination at the Property because of Defendants' "thoughtlessness and indifference" to the access requirements articulated by the ADA. See Chapman, 631 F.3d at 944-45.

The evidence overwhelmingly shows that Plaintiff encountered barriers in contravention of the ADA during his visits to the Property. Moreover, given his personal encounter to such barriers, Plaintiff is entitled to Unruh Act penalties under California Civil Code § 55.56(b). Notably, subdivision (b) of the statute contains no express reasonableness requirement, and although at some point repeated visits may become so high that equitable and constitutional constraints would bar the imposition of further penalties, seeking penalties for two visits, as Plaintiff does here, do not trigger such concerns. See Yates v. Bacco, 2014 WL 1089101 at * 15 (N.D. Cal. 2014). Accordingly, the Court determines that Plaintiff has proven as a matter of law his entitlement to the $8,000 in damages sought under the Unruh Act.

Finally, regarding Plaintiff's request for injunctive relief, it is undisputed that Defendant Rehman has made access improvements to the Property since this lawsuit began, namely by installing ADA compliant hardware on the front door. SUF ¶ 24. However, Plaintiff provides evidence sufficiently showing that access barriers remain with the Property's parking lot, to include a curb ramp, access aisle, parking signage, and parking lettering that remain non-compliant with the ADA. See SUF ¶¶ 25, 26, 30, 32, 33, 34, 35. Thus, Plaintiff has made a sufficient showing that he is entitled to injunctive relief under the ADA.[3]

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 43) is GRANTED, and Plaintiff is entitled to statutory penalties for the access barriers he encountered at the SmarTek business establishment found on Rehman's property. The Court awards Plaintiff statutory damages in the amount of $8,000, and Defendant Rehman is hereby ORDERED to make Property's parking lot compliant with the ADA.

IT IS SO ORDERED.

Dated: July 3, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] In accordance with parties' unopposed Requests for Judicial Notice ("RJN"), the Court GRANTS these requests under Federal Rule of Evidence 201. See Defs.' RJN, ECF No. 46-3 (Johnson deposition excerpts); Pl.'s RJN, ECF No. 49 (Google Maps images).