UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-01454-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| AZIZUR REHMAN and OMAR GHAITH, | |
| Defendants. | |

Through this suit, Plaintiff Scott Johnson ("Plaintiff") sought damages and injunctive relief against Defendants Azizur Rehman and Omar Ghaith (collectively, "Defendants") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act"). Plaintiff had encountered various physical barriers when attempting to access Defendant Ghaith's store on Defendant Rehman's property in Sacramento, California. On July 8, 2019, the Court granted Plaintiff's Motion for Summary Judgment, awarding injunctive relief and statutory damages in the amount of $8,000. ECF Nos. 50, 51.

///

///

///

1

Plaintiff now moves for attorney's fees, ECF No. 52, and that motion is GRANTED in part. Plaintiff is entitled to $12,775 in attorney's fees and $2,585.54 in litigation expenses.[1]

**STANDARD**

Both the ADA and Unruh Civil Rights Act permit the prevailing party in disability access litigation to recover reasonable attorney's fees and costs. Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. "[A] prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). Furthermore, violations of the Unruh Civil Rights Act entitle a plaintiff to "any attorney's fees that may be determined by the court." Cal. Civ. Code § 52.

"A reasonable fee is that which is 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)). The court calculates the amount of attorney's fees by calculating a "lodestar" and "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner than an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." Hensley, 461 U.S. at 431. However, in

---

[1] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs. E.D. Cal. L.R. 230(g).

2

calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley, 461 U.S. at 434). Although district judges "need not, and should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. Cty. of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

## ANALYSIS

Plaintiff seeks $29,514.50 in attorney's fees and $2,585.54 in litigation expenses. Other than generally alleging that the fees are grossly excessive, the only specific objection Defendants pose to the requested fees is that Plaintiff is not entitled to recover

costs for an expert witness and court reporter copies. Defs.' Opp., ECF No. 57, at 5-6. Defendants fail to mount any concrete challenge to billed tasks for which reimbursement is sought.[2] However, the Court finds that the hourly rates sought by Plaintiff are excessive.

### A. Reasonable Hours

Defendants contend that the fees are grossly excessive because Plaintiff employed eight attorneys and sought only $4,000-8,000 in statutory fees. Defs.' Opp., ECF No. 57, at 5. Defendants' argument is unpersuasive. "A district court may not set the fee based on speculation as to how other firms would have staffed the case." Moreno, 534 F.3d at 1114. Since this is the only argument advanced as to the reasonableness of the time spent in litigating this matter, Defendants' challenge on that basis is rejected.

### B. Reasonable Rates

Although Defendants do not specifically contest the hourly rates, the Court finds that the hourly rates sought by Plaintiff's attorneys—ranging from $400-595—are excessive. In similar cases involving the same plaintiff and law firm, this Court found Mark Potter's $350 rate unreasonable; now Potter requests a hourly rate of $595. See Johnson v. Kamboj LLC, No. 2:14-cv-00561-MCE-AC, 2016 WL 1043719, at *3 (E.D. Cal. Mar. 16, 2016); Johnson v. Bourbon Prop., LLC, No. 2:14-cv-02949-MCE-AC, 2019 WL 1426340, at *3 (E.D. Cal. Mar. 29, 2019). Instead, the Court found $300-325 per hour to be reasonable and granted attorney's fees on that basis. Id. The Court here finds that a reasonable rate for Potter is $325 per hour. See Bourbon Prop., 2019 WL 1426340, at *3; Johnson v. Warren, No. 2:14-cv-1497-MCE-AC, 2019 WL 1773518, at *2 (E.D. Cal. Apr. 23, 2019).

The Court also finds that Phyl Grace's $500 rate is unreasonable. However, because Grace has practiced for over 22 years with the last decade exclusively focused

---

[2] Defendants primarily argue that Plaintiff is not entitled to attorney's fees because he is a "professional plaintiff." Defs.' Opp., ECF No. 57, at 1. The Court finds this argument meritless, and it played no role in the Court's decision.

4

on disability access litigation, the Court finds $300 per hour to be appropriate. See Warren, 2019 WL 1426340, at *2; Johnson v. Brunk, No. 2:14-cv-01277-MCE-EFB, 2019 WL 3778711, at *3 (E.D. Cal. Aug. 12, 2019).

Rates charged by less experienced associates, however, are also excessive. Plaintiff seeks $450 per hour for three associates (Dennis Price, Amanda Seabock, and Isabel Masanque) and $400 per hour for another three associates (Sara Gunderson, Elliot Montgomery, and Prathima Reddy Price). See Decl. of Mark Potter, ECF No. 52-1, at 3-6. In Kamboj, this Court found rates of $150 for these attorneys reasonable, since "[c]ourts in the Eastern District have regularly approved hourly rates of . . . $150-175 for associates" and their experience made rates "at the lower end for associates" proper. 2016 WL 1043719, at *3 (alterations in original) (first quoting Estrada v. iYogi, Inc., No. 2:13-cv-01989-WBS-CKD, 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016); then quoting Johnson v. Wayside Prop. Inc., No. 2:13-1610 WBS AC, 2014 WL 6634324, at *8 (E.D. Cal. Nov. 21, 2014)). For similar reasons, the Court finds hourly rates of $175 reasonable for these attorneys in this case.

Pursuant to the Court's above modifications, the appropriate lodestar award in this case is $12,775:[3]

Potter: 14.4 x $325 = $4,680

Grace: 4 x $300 = $1,200

Price: 8.6 x $175 = $1,505

Masanque: 5.2 x $175 = $910

Seabock: 13.8 x $175 = $ 2,415

Gunderson: 11.4 x $175 = $1,995

Montgomery: 0.4 x $175 = $70

Given the "strong presumption . . . that the lodestar figure represents a reasonable fee," Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)

---

[3] Plaintiff seeks to recover attorney's fees for Prathima Reddy Price but none of the activities on the billing statement are attributed to her. Because the Court could not determine what work she completed, no fees were awarded to her.

5

(citation omitted), and since neither Plaintiff nor Defendants seek a multiplier or reduction of the lodestar, no further adjustment to the lodestar is warranted.

### C.    Litigation Expenses

Plaintiff also seeks $2,585.54 in litigation expenses.  Defendants challenge the costs for an expert witness ($1,660) and court reporter copies ($285).  Defs.' Opp., ECF No. 57, at 5-6.  Such costs are recoverable litigation costs, and therefore, Defendants' challenge is rejected.  See 42 U.S.C. § 12205; Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002) (finding § 12205 authorizes the award of expert witness fees).  Plaintiff's requested litigation expenses are reasonable and awarded in full.

**CONCLUSION**

For the reasons provided above, Plaintiff's Motion for Attorney's Fees, ECF No. 52, is GRANTED in part.  Defendants shall pay Plaintiff $12,775 in attorney's fees and $2,585.54 in litigation expenses for a total of $15,360.54.  The Clerk of the Court is directed to file an amended Judgment which not only requires Defendant Rehman to make the subject property compliant with the ADA and awards the sum of $8,000 in statutory damages (as previously adjudged on July 8, 2019) but also requires payment of the aforementioned fees and expenses of $15,360.54.

IT IS SO ORDERED.

Dated:  February 18, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE